**Thelma H. LAURITZEN, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**No. 73 C 381 (4).**

United States District Court, E. D. Missouri, E. D.

March 29, 1974.

Donald S. Singer, Clayton, Mo., for plaintiff.

Donald J. Stohr, U. S. Atty., Robert E. Grote, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

In this action plaintiff Thelma H. Lauritzen seeks judicial review of the final decision of the Secretary of Health, Education and Welfare ("Secretary"), pursuant to Section 205(g) of the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g),[1] denying disability insurance benefits to plaintiff. The action is before the Court upon the cross motions of the parties for summary judgment.

On June 22, 1964, plaintiff filed the first of three applications to establish a period of disability, pursuant to § 416(i), and to obtain disability insurance benefits, pursuant to § 423. In the first application plaintiff stated that her impairment was a heart condition and that she became unable to work on December 1, 1963. The Missouri state agency for vocational rehabilitation examined plaintiff and concluded that a period of disability should be allowed,

[1]. Subsequent statutory section citations will be to Title 42, United States Code, unless otherwise specified.

beginning December 1, 1963, with the proviso that plaintiff be re-examined in one year. Upon this basis the Social Security Administration awarded benefits.

On September 22, 1965, the Missouri agency found that plaintiff's condition had improved to the extent that her period of disability ceased as of September 3, 1965. Benefits were ceased in November, 1965. 42 U.S.C. § 423(a)(1)(D). By letter dated October 22, 1965, plaintiff was so notified. After reconsideration the initial determination was affirmed. Plaintiff appealed and was granted an evidentiary hearing. By opinion dated August 29, 1966, the hearing examiner (now the administrative law judge) found that plaintiff's disability ceased in September, 1965, and that her entitlement to a period of disability and to disability insurance benefits ended effective November, 1965. After the receipt of additional evidence, on August 1, 1967, the Appeals Council affirmed the hearing examiner. Plaintiff was notified of the Appeals Council decision by letter dated August 1, 1967. In this letter plaintiff was advised that if she disagreed with the decision she could commence a civil judicial action within sixty days. Plaintiff did not seek judicial review.

Plaintiff filed a second application for disability benefits on November 16, 1970. Therein she stated that she became disabled from arteriosclerotic heart disease on November 16, 1970. This application was denied by letter dated January 14, 1971, for the sole reason that she did not meet the earnings requirement.[2] She was advised as follows:

> You have earned social security credits for only 19 calendar quarters of work in the 40-quarter (10 year) period ending June 30, 1964. This is the last day of the calendar quarter in which you state you became unable to work because of your condition. Your social security record also shows that you do not meet the earnings requirement on any later date. (TR. 221).

On reconsideration the second application was independently evaluated but again denied. In its letter dated March 30, 1971, the Social Security Administration corrected the prior incorrect statement regarding plaintiff's coverage and stated that plaintiff last met the earnings requirement on March 31, 1966. Plaintiff was further advised as follows:

> If you have any new information showing how your condition prevented you from doing some type of work on or before March 31, 1966, you may submit it for our review. It is not necessary to file a new disability application in this connection. (TR. 224).

Plaintiff was further advised that, if she disagreed with this decision, she must request a hearing within six months. Plaintiff did not pursue her second application further.

On December 8, 1971, plaintiff filed a third application for disability benefits. Therein she stated she became disabled in December, 1963, by reason of a heart condition. By letter to plaintiff dated February 8, 1972, the Social Security Administration denied the application because it presented no issues not decided by the March 30, 1971 reconsideration denial. However, this February 8 letter incorrectly stated that the March 30, 1971, denial found that plaintiff last met the earnings requirement on December 31, 1963.

After reconsideration, the third application was denied by letter dated May 11, 1972. However, once again the earnings coverage credit was corrected and plaintiff was given credit for earnings up to March 31, 1966.

A hearing was held at plaintiff's request. On December 1, 1972, the admin-

---

2. Section 423(c)(1)(B)(i) provides that "[a]n individual shall be insured for disability insurance benefits in any month if . . . he had not less than twenty quarters of coverage during the forty-quarter period which ends with the quarter in which such month occurred".

istrative law judge rendered a recommended decision favorable to plaintiff. He found that plaintiff continued to be entitled to a period of disability under § 416(i) and to disability insurance benefits under § 423. He found that a disability existed on and continuously after December 1, 1963, and that such disability had not ceased.

On April 12, 1973, the Appeals Council reversed the administrative law judge's recommended decision. It found (a) that the October, 1965 determination was final and binding and not subject to being reopened; (b) that no new and material evidence had been presented which would warrant any revision of the prior determination that plaintiff's disability ceased in September, 1965; and (c) that plaintiff was not under a disability on or before March 31, 1966, when the earnings requirements of the Act were last met. This decision is the final decision of the Secretary and is the subject of the instant action. Plaintiff seeks to have the administrative law judge's recommended decision "reinstated" and disability benefits awarded from September, 1965, to present.

■■ This action is the only judicial review sought by plaintiff of any administrative ruling referenced above. Section 405(g) of the Act provides for judicial review of any "final decision of the Secretary" only if a civil action is commenced within sixty days after the mailing of the decision to the claimant or if an action is commenced within such further time as the Secretary may allow. Such a final decision of the Secretary, subject to review under § 405(g) of the Act, exists only after the Appeals Council reviews, or denies review of, a hearing examiner's decision. 20 CFR §§ 404.940 and 404.951; *see e. g.,* Rogers v. Richardson, CCH Unemployment Insurance Reporter ("CCH U.I.R.") ¶ 17,344 (D.S.Car. July 26, 1973). Only the Appeals Council decisions of August 1, 1967 and April 12, 1973 would be subject to § 405(g) judicial review. The instant action was timely commenced for *direct* review of the later Appeals Coun-

cil decision only. The Court may, however, *indirectly* review the earlier Appeals Council decision either in consideration of the propriety of the Secretary's refusal to reopen it or in consideration of its effect as *res judicata.*

■ The Secretary's refusal to reopen the prior administrative adjudication may be set aside only if it was arbitrary, unreasonable, or an abuse of discretion. *See,* Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969); Eastman v. Richardson, 475 F.2d 472 (6th Cir. 1973); *cf.,* Gardner v. Moon, 360 F.2d 556 (8th Cir. 1966). The decision of the Appeals Council not to reopen the October, 1965 hearing examiner's decision was none of these.

■ Section 404.957, Title 20, of the Code of Federal Regulations provides in pertinent part as follows:

An initial, revised, or reconsidered determination of the Administration or a decision or revised decision of a hearing examiner or of the Appeals Council which is otherwise final under § 404.908, § 404.916, § 404.940 or § 404.951 may be reopened:

(a) Within 12 months from the date of the notice of the initial determination (see § 404.907), to the party to such determination, or

(b) After such 12-month period, but within 4 years after the date of the notice of the initial determination (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination or decision . . .

Plaintiff impliedly argues in her brief that her November 16, 1970, application was timely filed under 20 CFR § 404.-957(b). Even assuming this application is properly considered a request to reopen the October, 1965, hearing examiner's decision or the August 1, 1967, final decision of the Secretary, such request had to be filed within four years of the date of the notice of the *initial determination,* not the date of the *final decision* as plaintiff argues. 20 CFR § 404.-957(b), *supra.* The initial determina-

tion was the letter of the Social Security Administration to plaintiff dated October 22, 1965, in which the Administration determined that plaintiff's period of disability had ceased. 20 CFR § 404.-905(d). The second application was not filed within the required four year period.

Section 404.957(c)(8) of Title 20 of the Code of Federal Regulations provides that a decision may be reopened at any time when "[s]uch initial, revised, or reconsidered determination or decision or revised decision is unfavorable, in whole or in part, to the party thereto but only for the purpose of correcting clerical error or error on the face of the evidence on which such determination or decision was based". The Court has scrutinized the evidentiary record of the proceedings which culminated in the August 1, 1967, Appeals Council decision and found no error which would render the decision susceptible to reopening.

■ The next issue is whether or not the August 1, 1967, final decision is properly considered binding in the nature of *res judicata.* § 405(h). It has been stated that those administrative decisions which are subject to being reopened for good cause under the Social Security Regulations should not be interposed to deny judicial review of subsequent final decisions. *See,* United States v. Smith, 482 F.2d 1120, 1124 (8th Cir. 1973); *e. g.,* Grose v. Cohen, *supra;* Leviner v. Richardson, 443 F.2d 1338 (4th Cir. 1971). Since the August 1, 1967 decision is not subject to being administratively reopened it stands as *res judicata* regarding the issues of fact litigated therein. Cappadora v. Celebrezze, 356 F.2d 1, 7 (2nd Cir. 1966). It does not, however, bar litigation either of a claim to a period of disability existing after August 1, 1967, Laws v. Richardson, CCH U.I.R. ¶ 17,-231 (E.D.Tex. April 4, 1973); Freeman v. Richardson, CCH U.I.R. ¶ 17,190 (N.D.Ga. April 4, 1972), or of a claim involving facts not litigated in the prior proceeding, Johnson v. Flemming, 264

F.2d 322, 324 (10th Cir. 1959). Since it is not disputed that plaintiff's earnings coverage ended on March 31, 1966, prior to the date of the August 1, 1967, final decision, plaintiff is foreclosed from receiving benefits based upon a disability existing after March 31, 1966.

■ The Court finds that the ultimate issues presented for factual determination before both hearing examiners were identical, i. e. whether in and after September, 1965 plaintiff was disabled by reason of a heart condition. The Court further finds that no *new facts,* material to the ultimate issue, *supra,* were presented in support of the third application that were not considered with regard to the first. Therefore, the final decision of the Secretary dated August 1, 1967, is dispositive of the issues raised in plaintiff's third application. The Court will grant summary judgment to the Secretary.

Even assuming that the 1965 final decision is not dispositive of this action as *res judicata,* the Court would nevertheless affirm the Secretary.

■ Plaintiff contends that the 1965 hearing examiner improperly placed the burden upon plaintiff of proving her continued entitlement to disability benefits. This was a proper allocation of the burden of proof. Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972); Vaughn v. Finch, 431 F.2d 997 (6th Cir. 1970); Kutchman v. Cohen, 425 F.2d 20 (7th Cir. 1970); Watson v. Gardner, 246 F. Supp. 837 (N.D.Ga.1965); Marker v. Finch, 322 F.Supp. 905 (D.Del.1971); MacNeil v. Richardson, CCH U.I.R. ¶ 17,184 (S.D.Fla. March 30, 1973); Bartley v. Weinberger, CCH U.I.R. ¶ 17,500 (E.D.Ky. October 9, 1973).

Plaintiff contends that the incorrect statements of the extent of plaintiff's insurance coverage in the notices of January 14, 1971, and February 8, 1972, prejudiced her. The Court disagrees since in both instances the Appeals Council corrected the errors and credited her with the proper amount of coverage.

Plaintiff also contends that the Appeals Council was untimely in handing down on April 12, 1973 its decision reviewing the December 1, 1972 decision of the administrative law judge. Plaintiff contends that more than ninety days elapsed between the administrative law judge's decision and the Appeals Council decision. Plaintiff's contention is without merit. The Appeals Council may, within ninety days, reopen such a decision for review. 20 CFR § 404.947. It is not required to decide the case within ninety days.