**George DIETSCH, Plaintiff-Appellant,**

**v.**

**Richard SCHWEIKER, as Secretary of the Department of Health and Human Services, Defendant-Appellee.**

**No. 318, Docket 82–6118.**

United States Court of Appeals, Second Circuit.

Argued Oct. 28, 1982.

Decided Feb. 14, 1983.

**866**

Mark Hus, Brooklyn, N.Y. (Steven M. Bernstein, Community Action for Legal Services, Inc., Brooklyn, N.Y., of counsel), for plaintiff-appellant.

Igou M. Allbray, Asst. U.S. Atty., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., for the E.D.N.Y., Abraham Y. Skoff, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for defendant-appellee.

Before MOORE *, CARDAMONE and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

The central issue on this appeal, as in the companion case decided today, *Monferrato v. Schweiker,* 700 F.2d 869 (2d Cir.1983), is whether mailing a request for review of an administrative law judge's decision constitutes filing within the meaning of the regulations promulgated under the Social Security Act, particularly 20 C.F.R. § 404.968(a). In this case the request for review was allegedly mailed on the last day of the 60-day period provided by the regulations and was dismissed as untimely by the Appeals Council. Reasoning that actual receipt of Dietsch's application was necessary for timely filing under the regulations, the district court concluded that the application had not been timely filed. Consequently, the court dismissed the complaint for lack of subject matter jurisdiction on the ground that the Appeals Council's dismissal of the request for review did not constitute a "final decision" within the meaning of 42 U.S.C. § 405(a). We reverse and remand.

## FACTS

In a decision dated August 22, 1980, the administrative law judge (ALJ) affirmed the denial of plaintiff's claim for disability benefits. Under the applicable regulation, 20 C.F.R. § 404.968, Dietsch had 60 days from receipt of the ALJ's decision to request review by the Appeals Council. Receipt of the decision is presumed to be within five days of mailing; thus, plaintiff had until October 27, 1980 to file a timely request for review.

Dietsch's attorney claims he mailed the request for review on October 27, 1980, even though it was postmarked October 28,

---

* Leonard P. Moore died on December 7, 1982. He participated in the oral argument in this case and voted to dispose of the case in the manner set forth in this opinion, although he was unable to concur in the opinion itself.

1980. After communicating with counsel concerning the reason for the late postmark, the Appeals Council dismissed Dietsch's request for review on the ground that it "was not filed until the afternoon of October 28, 1980", App. at 15–16.

At the administrative level, the Secretary stated that plaintiff's appeal was mailed, and thus filed, one day late. He therefore equated mailing with filing, which is precisely the position urged by plaintiff in the district court and on appeal. However, before the district court the Secretary altered his position and maintained that mailing does not constitute filing within the meaning of his regulations. Thus, according to the Secretary, even if the request was mailed on the last day of the time period, it was not timely. Without determining the fact issue of when the request was actually mailed, the district court agreed with the Secretary's legal argument and held that the regulations require that the agency actually receive the request for review on or before the filing deadline. As a result, the district court dismissed the complaint for lack of jurisdiction on the ground that there was no final decision of the Secretary within the meaning of 42 U.S.C. § 405(g). Plaintiff appeals from this dismissal.

## DISCUSSION

Title II of the Social Security Act, 42 U.S.C. §§ 401–33 (1976 & Supp. V. 1981), establishes a comprehensive plan for administrative and judicial review of claims for disability benefits. Pursuant to § 405(a), the Secretary has promulgated regulations, 20 C.F.R. §§ 404.900–404.983, to effectuate the plan. These include the procedures a claimant must follow to obtain a hearing before an ALJ, 20 C.F.R. § 404.933, and to obtain Appeals Council review of an ALJ's adverse determination, 20 C.F.R. § 404.968.

The regulation at issue, 20 C.F.R. § 404.-968(a)(1), requires that a written request for review be filed "[w]ithin 60 days after the date [the claimant] receive[s] notice of the hearing decision or dismissal." When an ALJ's decision is sent to a claimant, an accompanying form notice states that it is "presumed that this notice is received within five days after the date [of the decision] * * *." App. at 17. Thus, a claimant in actuality has 65 days from the date of the ALJ's decision in which to file a request for review.

The Appeals Council may dismiss an untimely request for review, 20 C.F.R. § 404.971, and such a dismissal is not reviewable by the district court because it is not a "final decision" within the meaning of § 405(g). Sheehan v. Secretary, Health, Educ. and Welfare, 593 F.2d 323, 326 (8th Cir.1979); Maloney v. Harris, 526 F.Supp. 621, 622 (E.D.N.Y.1980), aff'd, 657 F.2d 264 (2d Cir.1981). The Appeals Council may also extend the filing time on a showing of good cause, 20 C.F.R. § 404.968(b), but a refusal to do so, like a dismissal of an untimely request, is not subject to judicial review. Watters v. Harris, 656 F.2d 234, 239–40 (7th Cir.1980); Sheehan v. Secretary, Health, Educ. and Welfare, supra, 539 F.2d at 325; Maloney v. Harris, supra, 526 F.Supp. at 622.

The Secretary contends that these cases are controlling here and that the district court lacked jurisdiction to consider plaintiff's claim because there is no "final decision" of the Secretary. Section 405(g) provides that judicial review is available "after any final decision of the Secretary made after a hearing" and has been interpreted to require that, generally speaking, administrative procedures must be exhausted before judicial review is available. See, e.g., Mathews v. Eldridge, 424 U.S. 319, 327–30, 96 S.Ct. 893, 899–900, 47 L.Ed.2d 18 (1976); Weinberger v. Salfi, 422 U.S. 749, 757, 95 S.Ct. 2457, 2462, 45 L.Ed.2d 522 (1975). In addition, 42 U.S.C. § 405(h) provides that no action to recover on a claim may be brought under 28 U.S.C. §§ 1331 or 1346.

In certain limited circumstances, however, federal courts have taken jurisdiction of social security cases where the exhaustion requirement has not been met. For example, the Supreme Court held it could review a plaintiff's constitutional challenge to a denial of a pretermination hearing although the claim had not been presented

to the Secretary. *Mathews v. Eldridge, supra,* 424 U.S. at 330–32, 96 S.Ct. at 900–01. And in *Weinberger v. Salfi, supra,* where plaintiffs posed a constitutional challenge to the Act's duration-of-relationship requirement, the Court found that exhaustion was not required where the Secretary had "determined that the only issue to be resolved [was] a matter of constitutional law concededly beyond his competence to decide". *Id.,* 422 U.S. at 767, 95 S.Ct. at 2467. In addition, we have found that 28 U.S.C. § 1361, which authorizes an action in the nature of mandamus, provides jurisdiction to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits. *Ellis v. Blum,* 643 F.2d 68, 78 (2d Cir.1981); *White v. Mathews,* 559 F.2d 852, 856 (2d Cir.1977); *Frost v. Weinberger,* 515 F.2d 57, 62 (2d Cir.1975).

■ This case falls squarely within our decisions authorizing mandamus jurisdiction in *Ellis, White,* and *Frost.* Section 1361 provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Assuming for the moment that plaintiff's request for review was mailed within the 60-day period, then, if mailing constitutes filing, the Secretary erroneously dismissed plaintiff's timely request for review. Plaintiff's challenge is a procedural one: he seeks to compel the Appeals Council to perform its duty with respect to a timely request for review, 20 C.F.R. §§ 404.967, 404.-981, and either deny the request or review his case. He has no other avenue for relief. And his procedural dispute is unrelated to the merits of his claim for benefits. We conclude that the district court had mandamus jurisdiction under 28 U.S.C. § 1361 to consider his claim.

We turn now to the merits of plaintiff's argument that a request for review is filed when it is mailed. In view of the great deference traditionally given to an administrative agency's construction of its own regulations, *Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *Connecticut Fund for the Env't, Inc. and City of Middletown v. Environmental Protection Agency,* 696 F.2d 169, 173 (2d Cir. 1982), we need only look to the Secretary's own interpretation of "filing" to determine that in this case mailing within the period would satisfy the filing requirement.

■ The regulation itself does not address the issue. However, the Secretary has interpreted his own regulations to equate mailing with filing. The form notice of the ALJ's decision sent to claimant states that "you may *file* your request for review * * * *by sending a letter,* requesting review, directly to the Appeals Council * * *." App. at 17 (emphasis supplied). Thus, the Secretary told the plaintiff, in effect, that by "sending" his request for review he would "file" it. In addition, when the council dismissed plaintiff's request for review it implicitly recognized that mailing was filing when it stated that the postmark on the request, "the afternoon of October 28, 1980", was "prima facie evidence that the request for review was not *filed* until the afternoon of October 28, 1980." App. at 15 (emphasis supplied). Furthermore, this interpretation by the council was not accidental, for in the companion appeal, *Monferrato,* the council similarly determined the date of filing by reference to the date of mailing.

■ We recognize that the Secretary has broad statutory discretion to establish rules and regulations to implement the Social Security Act. 42 U.S.C. § 405(a) (1976); *see Weinberger v. Salfi, supra,* 422 U.S. at 766, 95 S.Ct. at 2467. He might have promulgated regulations expressly stating that only receipt, rather than mailing, of a request would satisfy the filing requirement. Conceivably, he might have proscribed mailing entirely. However, he has done neither, and where his own written communication to claimant equates mailing with filing, he cannot dismiss as untimely a request for review that is mailed, as invited, within the 60-day period. Just as we must bow to the Secretary's administrative interpretation, so must he live with it. We conclude, therefore, that plaintiff's request for review was

timely if it was mailed within the time period provided by the regulation.

 There remains an issue of fact concerning the date on which plaintiff's request for review was mailed. The letter was postmarked October 28, the day after the expiration of the 60-day period, but counsel for plaintiff has sworn in an affidavit, which was not before the Appeals Council, that the request was mailed on October 27, the last day of the filing period. Since on this appeal the Secretary urged only that the mailing did not constitute filing, an argument which we reject, we do not now know if the Secretary accepts counsel's credibility on this critical fact. If he does not, then an administrative record with appropriate findings must be developed to establish when the request was mailed. If, in light of counsel's affidavit, there is no dispute over the date of mailing, then the Appeals Council should treat plaintiff's request for review as timely and proceed accordingly pursuant to 20 C.F.R. §§ 404.967, 404.981. In either event, the case must be remanded to the agency.

Accordingly, we reverse and remand to the district court with a direction to remand to the agency for disposition consistent with this opinion.