Rocco MONFERRATO,
Plaintiff-Appellant,

v.

Richard SCHWEIKER, Secretary of Department of Health & Human Services, Defendant-Appellee.

No. 319, Docket 82–6186.

United States Court of Appeals, Second Circuit.

Argued Oct. 28, 1982.

Decided Feb. 14, 1983.

Mark Hus, Brooklyn, N.Y. (Steven M. Bernstein, Community Action for Legal Services, Inc., Brooklyn, N.Y., of counsel), for plaintiff-appellant.

Igou M. Allbray, Asst. U.S. Atty., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., for the E.D.N.Y., Miles M. Tepper and Pat-

rick B. Northup, Asst. U.S. Attys., Brooklyn, N.Y., of counsel), for defendant-appellee.

Before MOORE *, CARDAMONE and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

The issue presented on this appeal, as in the companion case decided today, *Dietsch v. Schweiker*, 700 F.2d 865 (2d Cir. 1983), is whether mailing a request for review of an administrative law judge's decision constitutes filing within the meaning of the regulations promulgated under the Social Security Act. Plaintiff's request for review, which was mailed on the last day of the 60-day period provided by the regulations, was dismissed as untimely by the Appeals Council. The district court held that under the regulations receipt of the application is required for timely filing and, since the Secretary's dismissal of the untimely request for review did not constitute a "final decision" within the meaning of 42 U.S.C. § 405(g), dismissed the complaint for lack of subject matter jurisdiction. We reverse and remand for the reasons given in *Dietsch v. Schweiker.*

Like that of Dietsch, Monferrato's request for review was dismissed by the Appeals Council because it was filed one day after the 60-day filing period had expired. Although Monferrato's claim was brought under Title XVI of the Act, 42 U.S.C. §§ 1381–1383c (1976 & Supp. V 1981), rather than Title II as was the case in *Dietsch,* the same analysis applies. The Secretary's authority to promulgate regulations and procedures, *see* 42 U.S.C. § 405(a) (1976), and the judicial review provisions, *see* 42 U.S.C. § 405(g) (1976), are incorporated into Title XVI by 42 U.S.C. §§ 1383(c)(3) and (d), and the standards for judicial review under both titles are the same, *see* S.Rep. No. 94–550, 94th Cong., 1st Sess. 3–4, *reprinted in* 1975 U.S.Code Cong. & Ad.News 2347, 2349–50. In addition, the regulations at issue are virtually identical. *Compare* 20 C.F.R. § 404.968(a) *with* 20 C.F.R. § 416.-

1468(a). Consequently, our decision in *Dietsch* compels the conclusion that if Monferrato's request for review was mailed within the 60-day period provided by the regulations, its dismissal by the Appeals Council was improper.

■ *Dietsch* establishes that mailing constitutes filing under the regulations. Although we could not determine on the record there whether the mailing was timely, we can do so on the record in this case. The deadline for filing (mailing) was nominally August 23, 1981, but this was extended by 20 C.F.R. § 416.120(d) to August 24, because August 23 was a Sunday. Apparently, this circumstance was not brought to the attention of the Appeals Council. It is clear however that since Monferrato's request for review was mailed and postmarked on August 24, 1981, it was timely filed. Therefore, the case should be returned to the Appeals Council for further consideration pursuant to 20 C.F.R. §§ 416.-1467, 416.1481.

Accordingly, we reverse and remand to the district court with a direction to remand to the agency for disposition consistent with this opinion.