**Sonia Davila GONZALEZ, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. 82–2834 HL.

United States District Court, D. Puerto Rico.

Jan. 4, 1985.

Domingo Carrasquillo Díaz, Bayamón, P.R., Maximiliano Trujillo González, Hato Rey, P.R., for plaintiff.

Daniel F. Lopez-Romo, U.S.Atty., Hato Rey, P.R., with whom Francisco A. Besosa and Wanda Rubianes-Collazo, Asst. U.S. Attys., Hato Rey, P.R., were on brief, for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Present before this Court is claimant's request for "Entry of Judgment" ordering the Secretary to begin payment of benefits to her, based on the Administrative Law Judge (ALJ)'s decision of May 25, 1982. Claimant argues that the Secretary failed to comply with its own rules regarding its "motu propio" review of the ALJ's decision, and therefore, the ALJ's decision granting benefits should be considered the final decision of the Secretary.

In her complaint, claimant alleged three causes of action. The first is in the nature of a mandamus, under 28 U.S.C. § 1361, requesting the Court to order the Secretary to carry out its "ministerial duty" of paying benefits to claimant pursuant to the ALJ's decision.

The second cause of action asks for damages to be assessed as a consequence of the Secretary's violation of claimant's constitutional rights, in that the Secretary allegedly deprived claimant of her benefits without due process of law. Finally, the third cause of action is for the judicial review on the merits of the administrative actions pursuant to 42 U.S.C. § 405(g) and (h).

## PROCEDURAL BACKGROUND.

Claimant filed her application for disability benefits on September 10, 1981. After initial and reconsidered denials, an ALJ held a hearing de novo, evaluating all evidence presented, and rendered a decision favorable to claimant, dated and notified on May 25, 1982.

A letter from the Appeals Council, stamp-dated July 23, 1984, but without a certificate or notice of mailing, was filed at the Office of Hearings and Appeals of the Social Security Administration in Bayamón, Puerto Rico. The letter notified the parties of the Appeals Council's own motion to review the ALJ's decision, pursuant to 20 CFR 404.969, and its intention to reverse the ALJ's decision. On August 10, 1982, claimant filed a motion to dismiss the Appeals Council's review for lack of jurisdiction, alleging that it was instituted late, and that the ALJ's decision was therefore to be considered the final decision of the Secretary. On September 7, 1982, claimant filed a motion for Payment of Benefits. On September 15, 1982, the Appeals Council denied the motion to dismiss.

On November 15, 1982, claimant instituted the above encaptioned case in this Court. On December 6, 1982, the Appeals Council issued its decision reversing that of the ALJ. The decision has a certificate of mailing, dated December 10, 1982.

## MANDAMUS AND DUE PROCESS VIOLATIONS.

Claimant's first and second causes of action, for mandamus and damages for constitutional violations, are based on the argument that the Appeals Council's letter of July 23, 1982, notifying of its intention to review the ALJ's decision, was not timely, and therefore, the ALJ's favorable decision should be considered the final decision

of the Secretary. Jurisdiction was properly pled under 28 U.S.C. § 1331 and 28 U.S.C. § 1361. See *Ellis v. Blum,* 643 F.2d 68 (2d Cir.1981).

The claimant asserts that the Secretary's regulation at 20 CFR 404.969 [1] must be read and applied in conjunction with 20 CFR 404.614.[2] In other words, claimant argues that not only must the Appeals Council "decide to review" the ALJ within 60 days of ALJ's decision, but such "decision to review" must be *filed* with an authorized employee of the Secretary within 60 days. Claimant argues that since SSI claimants must file all of its papers and motions, pursuant to 20 CFR 404.614, the Secretary should also be so required.

The Secretary, in its brief filed July 10, 1984, takes the position that the Section 404.614, denominated "General Rule" applies only to the filing of an application or other forms or information submitted to the Secretary. It does not create a notice deadline for the "motu propio" review allowed by Section 404.969.

■ Neither parties have referred this Court to any applicable law concerning the notice and filing requirements of these regulations. It is clear, however, that where rights of individuals are affected, it is incumbent upon administrative agencies to follow their own procedures. *Morton v. Ruiz,* 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974). But from the procedure followed in this case, as outlined above, it does not appear to this Court that the Secretary did anything improper, or failed to follow her regulations. Furthermore, the First Circuit has approved the use by the Appeals Council of motu propio review pursuant to 404.969. See *Lopez-Cardona v. Secretary,* 747 F.2d 1081 (1st Cir.1984).

■ The clear language of the regulations sets forth the plain meaning of such regulations. The 60 day limitation of Section 404.969 refers only to the Appeals Council's *decision to review.* It has been determined that the Secretary's actual *decision on the merits* need not be made within those 60 days. *Lauritzen v. Weinberger,* 374 F.Supp. 301 (D.Mo.1974), rev'd. on other grounds, 514 F.2d 561 (8th Cir. 1975). Furthermore, claimant has cited no authority for the proposition that General Rule of Section 404.614 qualifies the requirements for motu propio review in Section 404.969. The Court does not find that it does. The regulations are separate and distinct, found in different sections of the regulations as a whole. One does not refer to the other in any way. All of the notice and filing limitations are clearly stated. If the Secretary had wanted to require the Appeals Council to *file* its "decision to review" within 60 days it could have so stated. This Court should not rewrite the administrative regulations, or interpret them, when the meaning of the regulation is clear.

■ Deference is to be accorded to an agency's own construction of its regulations. *Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–802, 13 L.Ed.2d 616 (1965). In its letter to claimant on September 15, 1982, in response to claimant's motion to dismiss, the Appeals Council stated that it had complied with the Secretary's regulations. "The pertinent notice was mailed to the claimant and counsel on July 23, 1982." In its decision on the merits of its motu propio review, the Appeals Council again states: "By letter dated July 23, 1982, the claimant and her representative were advised of this action and of her rights with respect thereto."

---

1. Section 404.969 (formerly 404.678), provides in its pertinent part:
    "Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

2. Section 404.614 states:
    "(a) *General rule.* An application for benefits or a written statement, request or notice is filed on the day it is received by an SSA employee at one of our offices or by an SSA employee who is authorized to receive it at a place other than one of our offices."

■ The Court can infer from these statements that the Secretary has interpreted Reg. 20 CFR 404.969 to mean that a "decision to review" need not be *filed* nor received by claimant within 60 days, but only dated and mailed within 60 days. This interpretation is consistent with the ruling in *Monferrato v. Schweiker,* 700 F.2d 869 (2d Cir.1983), and *Dietsch v. Schweiker,* 700 F.2d 865 (2d Cir.1983). In these two cases, the Second Circuit held that because the Secretary had told claimant, by letter, that claimant could *"file* [a] request for review ... by *sending* a letter, requesting review..." (emphasis in original), the Appeals Council could not refuse to hear a request for review *mailed* within the 60 day period. *Dietsch, supra,* 700 F.2d at 868; *Monferrato, supra,* 700 F.2d at 870.

Claimant argues here, that because no certificate of mailing was attached to Appeals Council's letter, it cannot be determined when it was mailed. The Court finds that the time between date of the letter and the later receipt of it by the Administration, is not so great as to infer it was not mailed on July 23, 1982. Furthermore, the record does not show when *claimant* received the notice.

Therefore, since the Appeals Council's letter is dated July 23, 1982, the Court holds that it complied with the Secretary's regulation that a *"decision to review"* was made within 60 days of the ALJ's decision. Consequently, claimant's claim for mandamus and damages for due process violations must be denied.

However, based on the record before this Court, we find that there is not substantial evidence to support the decision of the Appeals Council, which is the final decision of the Secretary. The Appeals Council, on its own motion, as discussed above, reviewed the decision of the ALJ. The ALJ found the assertions of pain by the claimant to be credible and supported. The Counsel held that "the evidence fails to establish the presence of anatomic changes ... which are the cause of claimant's symptoms, including pain."

■ The Appeals Council should have given some consideration to the ALJ's findings of disabling pain. See *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 496, 71 S.Ct. 456, 468, 95 L.Ed. 456 (1951). Furthermore, the Appeals Council chose to look at only parts of medical reports disregarding other parts. While it is the duty of the Secretary to weigh the evidence, the Appeals Council is not permitted to pick and choose parts of medical reports to rely on to support its conclusion. For example, the Appeals Council discussed Dr. Roura's report in the record (Exhibit 21), but failed to include the Doctor's conclusion that the claimant could only stand or walk for three hours in a work day, and could only sit one hour. (See Tr. p. 121.)

In a similar way, the Appeals Council makes no reference at all to the continuing prescriptions of analgesics and muscle relaxants that claimant has been under since 1975. (See Tr. pp. 109, 171–172.) Finally, the Appeals Council has completely ignored the testimony of the disinterested vocational expert, who found that because of claimant's condition, she was unable to return to her past relevant work, which was skilled and sedentary. This expert testified that the claimant would not be able to perform any other job existent in the national economy.

■ WHEREFORE, the Court finds that there is not substantial evidence to support the final decision of the Appeals Council, and such decision is hereby REVERSED.

IT IS SO ORDERED.