William JONES, German Poe, Jeanette Poe by her next friend German Poe, Gloria Coe, Francisco Noe, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Otis BOWEN, Secretary of Health and Human Services, Defendant.

No. 87 C 7419.

United States District Court, N.D. Illinois, E.D.

Aug. 2, 1988.

Joseph A. Antolin, Jeffrey Gilbert, Gua-
dalupe J. Preston, Alicia Alvarez, Legal

Assistance Foundation of Chicago, Uptown Office, Chicago, Ill., for plaintiffs.

John R. Bolton, Asst. Atty. Gen., Sheila Lieber, Felicia L. Chambers, U.S. Dept. of Justice, Federal Programs Branch, Civil Div., Washington, D.C., Anton R. Valukas, U.S. Atty., Eileen J. Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Plaintiffs, on behalf of a class,[1] filed this action against Otis R. Bowen, M.D., Secretary of the United States Department of Health and Human Services, alleging that his "no process" policy of denying original social security numbers ("SSNs"), new SSNs or duplicate cards without notice or a hearing violated the Social Security Act (the "Act"), 42 U.S.C. §§ 401 *et seq.* and the Due Process clause of the Fifth Amendment to the United States Constitution. The complaint seeks declaratory and injunctive relief. The Secretary moves to dismiss the complaint on the grounds that this court lacks subject matter jurisdiction, that plaintiffs lack standing to sue and that they fail to state a claim upon which relief may be granted. For the reasons set forth below, the Secretary's motion to dismiss and plaintiffs' motion for a preliminary injunction are denied.

## I. Jurisdiction

The Secretary contends that the court lacks jurisdiction over the claims under either 42 U.S.C. § 405(g) or 28 U.S.C. § 1361. He also claims that the named plaintiffs lack standing.

### A. Jurisdiction Under 42 U.S.C. § 405(g)

Judicial review of a claim for benefits under the Act is limited to "any final decision of the Secretary made after a hearing to which [the applicant] was a party...." 42 U.S.C. § 405(g). The Secretary argues that in contrast to determinations concerning benefit claims, nonassignments of SSNs are not final decisions that are subject to administrative review. Defendant's Memorandum at 18–19. He notes that although the Act contains detailed administrative review requirements for benefit determinations, it does not contain similar provisions for reviewing the non-assignment of SSNs. *Id.* at 20. Because SSNs are issued pursuant to an "evidence-gathering procedure," he claims nonassignment of an SSN is not a final decision that is reviewable under 42 U.S.C. § 405(g). Plaintiffs contend that SSN determinations, like any other decisions of the Secretary under Section 405(c) of the Act, are subject to administrative and judicial review. Plaintiffs' Memorandum at 13.

The Act does not define the term "final decision." The regulations distinguish between "initial determinations" that are ultimately subject to judicial review, and other administrative actions that are not subject to judicial review.[2] *See* 20 C.F.R. §§ 404.-902, 404.903. An "initial determination" may be appealed through a multi-step ad-

---

1. On July 21, 1988, this court granted plaintiffs' motion to certify a class of persons, and their dependents and survivors, who:
 a. are residing, have resided, or will reside in Illinois, Indiana, Michigan, Minnesota, Ohio and Wisconsin subsequent to June 1, 1982; and
 b. are applying, have applied, or will apply for an initial SSN, a duplicate card, or a different SSN to correct a scrambled account; and
 c. are being denied, have been denied, or will be denied initial SSNs, duplicate social security cards, or different SSNs to correct a scrambled account; and
 d. have not subsequently obtained original SSNs, new SSNs or duplicate cards.

2. A party may file an action in federal district court after completing a four-step administrative review process:
 (1) Initial determination regarding applicant's entitlement or continuing entitlement to benefits;
 (2) Reconsideration of initial determination;
 (3) Hearing before an administrative law judge; and
 (4) Appeals council review of decision of administrative law judge.
 Completion of steps (1)–(4) constitutes a final decision that is subject to judicial review. 20 C.F.R. § 404.900.

ministrative review process that involves a reconsideration of the determination, a hearing before an administrative law judge and review of the determination by the Appeals Council. *See* 20 C.F.R. §§ 404.-900(a)(2)–(4). This determination is then subject to judicial review in the district court. *See* 20 C.F.R. § 404.900(a)(5).

In this case, the Secretary does not challenge the complaint on the ground that plaintiffs have failed to exhaust their administrative remedies. This suggests that the Secretary considers the denial of an SSN application as administratively final. *See Weinberger v. Salfi*, 422 U.S.. 749, 767, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975). If unsuccessful applicants for SSNs requested reconsideration, a hearing, or any other step to review the denial of an application, their requests would be denied. Because class members have proceeded as far as they may go within the Department of Health and Human Services, the oral denials of their requests for SSNs, new SSNs or duplicate cards constitute final decisions within the meaning of the Act. *See Weinberger, supra*, 422 U.S. at 766–67, 95 S.Ct. at 2467–68 (1974); *Atty. Registration & Disciplinary Com'n. v. Schweiker*, 715 F.2d 282, 288–89 (7th Cir.1983) (letter from regional commissioner of Social Security Administration, confirming determination that employees of ARDC were not covered by social security, was "final decision" within meaning of judicial review provision of the Act, and informal hearing preceding action was all that statute required for judicial review).

The fact that class members' requests for SSNs and duplicate cards were denied without a hearing does not preclude judicial review of their claims. The Supreme Court has ruled that, in general, judicial review does not lie under 42 U.S.C. § 405(g) for any decisions of the Secretary rendered without the need for a hearing. *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). Where a decision is challenged on constitutional grounds, however, courts may review the decision despite the absence of a hearing. *Id.* at 109, 97 S.Ct. at 986. Courts presume jurisdiction to review a constitutional challenge unless Congress has manifested an intent to foreclose such jurisdiction by "clear and convincing evidence." *Id.* Constitutional questions are unsuited to resolution in administrative hearing procedures. *Id.; Penner v. Schweiker*, 701 F.2d 256, 260 (3d Cir.1983).

The complaint alleges that plaintiffs were denied due process of law by the Secretary's no process policy, including the refusal to give SSN applicants notice of denial decisions and a hearing to contest the decisions. Complaint ¶ 25. This constitutional claim is sufficient to confer jurisdiction to review the Secretary's denial of plaintiffs' applications for SSNs and duplicate cards without a prior hearing. There is no "clear and convincing" language in the Act that suggests that Congress intended to foreclose judicial review of the Secretary's SSN decisions. Accordingly, the class may maintain this action under 42 U.S.C. § 405(g).

**B. Mandamus Jurisdiction**

■ Plaintiffs further argue that they are entitled to a writ of mandamus ordering the Secretary to make the nonassignment of SSNs and duplicate cards subject to administrative review and issue new determinations with respect to unsuccessful applicants. Complaint ¶ 2, Prayer for Relief ¶¶ C–E. A writ of mandamus will issue where three elements are present: (1) plaintiffs possess a clear right to the relief sought; (2) the defendant has a plainly defined and peremptory duty to do the action in question; and (3) there is no adequate remedy at law. *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir.1987). The claim must be procedural and unrelated to the merits of a claim for benefits. *See Dietsch v. Schweiker*, 700 F.2d 865, 868 (7th Cir. 1983). Mandamus jurisdiction is appropriate for claims under the Social Security Act that are procedural in nature. *Burnett, supra*, 830 F.2d at 738.

■ The requirements of mandamus jurisdiction are not satisfied in this case. Plaintiffs have not established a "clear right" to subject the nonassignment of an

SSN to a formal administrative review process. The Act does not require the Secretary to provide a multi-tiered system of administrative review for denials of SSN applications. The Secretary did not set forth formalized review procedures in the regulations. The Secretary's failure to subject SSN decisions to administrative review, therefore, is not clearly wrong.[3] Accordingly, plaintiffs have not established the requisites for mandamus jurisdiction.

## C. Plaintiffs' Standing to Sue

■ Parties asserting claims must have standing to sue. Specifically, plaintiffs must allege (1) personal injury, (2) traceable to the defendant's allegedly unlawful conduct, (3) that is likely to be redressed by the requested relief. *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed. 2d 556 (1984). The Secretary contends that plaintiffs have failed to allege distinct or palpable injury, and that the relief requested would not redress any injury that plaintiffs may have. Secretary's Memorandum at 12, 18.

Plaintiffs allege that the Secretary's denial of a written decision and an administrative process to contest the denial of their applications deprives them of their due process rights. Plaintiffs' Memorandum at 18. Applicants applied for SSNs or duplicate cards and their applications were denied without written notice. They were not informed of the reasons for the denial or afforded the right to challenge the decision. They need not demonstrate that review of the decision would result in the issuance of an SSN or duplicate card. The denial of plaintiffs' applications without notice or the opportunity to contest the decisions constitutes sufficient injury to confer standing to challenge the constitutionality of the procedure. *See Attorney Registration and Dis-*

*ciplinary Commission, supra,* 715 F.2d at 288. The possibility for arbitrary denial or honest error is too great to allow for denial of SSNs or duplicate cards without giving the applicant an opportunity to be fully informed of the basis for the denial, so that he or she may contest the decision and produce evidence in rebuttal. *See Goldberg v. Kelly,* 397 U.S. 254, 266, 90 S.Ct. 1011, 1019, 25 L.Ed.2d 287 (1970).

Moreover, the alleged injury is traceable to the Secretary's no process policy. The denial of applications for SSNs and duplicate cards without written notice and an opportunity to challenge the decision deprives applicants of their right to due process. This injury may be redressed by an order requiring the Secretary to provide written notice setting forth reasons for the denial of SSNs and duplicate cards, a hearing to contest the denial and a final administrative decision that is subject to judicial review. Accordingly, class members have standing to assert their claims.

## II. Failure to State a Claim

The Secretary argues that the complaint fails to state a claim upon which relief may be granted because neither the Act nor the Constitution requires the administrative review procedures sought. Secretary's Memorandum at 23.

Pursuant to the Act, the Secretary is required to "take affirmative measures to assure that social security account numbers will, to the maximum extent practicable, be assigned to all members of appropriate groups or categories ..." 42 U.S.C. § 405(c)(2)(B)(i). The regulations set forth the requirements for eligibility. *See* 20 C.F.R. Part 22, Subpart B. The Act does not require that the nonassignment of an SSN be subject to administrative review.[4]

---

**3.** Nor have plaintiffs established a "clear right" to the assignment of SSNs or duplicate cards. No plaintiff claims to have been denied an SSN or duplicate card after submitting evidence of the requirements for SSN eligibility, such as age, identity and citizenship. The Secretary has no plainly defined duty to assign SSNs or duplicate cards without proof of an applicant's eligibility.

**4.** The Secretary cites *Vermont Yankee Nuclear Power v. Natural Resource Defense Council,* 435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978), to support his claim that it is within his discretion to deny applicants certain procedures to contest the denial of an application. In *Vermont,* the Court recognized that administrative agencies are free to fashion their own rules of procedure "absent constitutional constraints." *Id.* at 543, 98 S.Ct. at 1211. In this case, however, plain-

The Secretary argues that 42 U.S.C. § 405(c)(2), relating to the issuance of SSNs, does not contain the word "decision." Accordingly, he suggests, the denial of an SSN is not a decision within the meaning of 42 U.S.C. § 405(c)(8) that requires a hearing under 42 U.S.C. § 405(g). Rather than seek administrative relief, an unsuccessful applicant may merely reapply for an SSN or duplicate card.

The Secretary's contention that the denial of an application for an SSN or duplicate card does not constitute a "decision" under the Act is without merit. He must decide whether applicants meet the eligibility requirements for an SSN or duplicate card. These decisions are made pursuant to 42 U.S.C. § 405(c) and, therefore, are subject to judicial review under 42 U.S.C. § 405(g). Applicants for SSNs and duplicate cards are entitled to judicial review to redress errors in the denial of applications, as with any other decision of the Secretary.[5]

The Secretary also denies that plaintiffs have a due process right to a formalized administrative review procedure. Although plaintiffs may have a property interest in social security benefits, he contends, they do not have a legitimate claim of entitlement to an SSN. Secretary's Memorandum at 25–26. He also claims that the denial of an application for an SSN may not be characterized as "deprivation" of a property right. Rather, he merely decides whether the evidence entitles an applicant to an SSN or duplicate card. If the application is denied, the applicant may reapply. *Id.* at 18–20, 26.

 Procedural due process applies to determinations concerning initial eligibility for social security benefits. *Wright v. Califano*, 587 F.2d 345, 351 (7th Cir.1978); *Meyer v. Niles Township, Illinois*, 477 F.Supp. 357, 362 (N.D.Ill.1979). The property interest protected by the Fifth Amendment is not restricted to the continued receipt of benefits. *Id.* at 361–62. The issuance of an SSN must precede a claim for social security benefits. A determination of eligibility for an SSN, therefore, constitutes a property interest protected by the Due Process clause of the Fifth Amendment.[6]

Further, the Secretary's denial of an application is sufficient to constitute a violation of due process. "Denial" is not restricted to "denial with finality;" denial of immediate benefits is sufficient. *See Jenkins v. Bowling*, 691 F.2d 1225, 1230 (7th Cir.1982) (interpreting Section 303(a)(3) of the Act, requiring a fair hearing before an impartial tribunal for denials of unemployment compensation claims). Because an SSN, or the corresponding card, constitutes a statutorily created benefit, applications for SSNs or duplicate cards cannot be denied without due process. The complaint, therefore, states a claim for violation of plaintiffs' Fifth Amendment due process rights.

III. Plaintiffs' Motion for Preliminary Injunction

Plaintiffs have moved for a preliminary and permanent injunction prohibiting the Secretary from enforcing the no process policy. They request that the Secretary be ordered to provide administrative review of the non-assignment of SSNs, and that the

tiffs claim that the Due Process Clause of the Fifth Amendment to the Constitution entitles them to the procedures at issue. Plaintiffs' Memorandum at 6.

5. The Secretary's implication that errors are never made in the denial of SSNs and duplicate cards provides no basis for circumventing Congressional mandates regarding the administration of the social security program. *See Johnson v. Heckler*, 769 F.2d 1202, 1213 (7th Cir. 1985), *rev'd and remanded on other grounds sub nom., Bowen v. Johnson*, — U.S. —, 107 S.Ct. 3202, 96 L.Ed.2d 690 (1987), *remanded in part on other grounds*, 834 F.2d 173 (7th Cir.1987)

(efficiency arguments provide no basis for the Secretary to violate Congressional mandates to implement the disability benefits program).

6. 42 U.S.C. § 405(c)(2)(D) provides that the Secretary "shall issue a social security card to each individual at the time of issuance of a SSN to such individuals." An SSN, therefore, is a statutory entitlement for eligible applicants. *See Goldberg v. Kelly*, 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970) (statutorily created welfare benefits are a matter of statutory entitlement for persons qualified to receive them).

denials ultimately be subject to judicial review. Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction at 17. The Secretary argues that plaintiffs have not satisfied the requirements for injunctive relief.

■ The court weighs four factors in deciding whether to grant or deny an injunction: (1) whether there is an adequate remedy at law; (2) whether the irreparable harm to plaintiff caused by failure to enjoin the activity outweighs irreparable harm to the defendant resulting from the injunction; (3) whether plaintiff has some likelihood of success on the merits; and (4) whether granting the injunction would disserve the public interest. *Maxim's Ltd. v. Badonsky,* 772 F.2d 388, 390 (7th Cir.1985). The factors are to be balanced against each other. *Id.* at 390–91. If the balance tips toward the defendant, the injunction must be denied notwithstanding plaintiffs' likelihood of succeeding on the merits of their claims. *Id.*

■ Injunctive relief is inappropriate in this case because plaintiffs cannot demonstrate that they lack an adequate remedy at law, or that they will be irreparably harmed if this court does not enjoin the Secretary's no process policy. Unsuccessful applicants for SSNs and duplicate cards are free to reapply and to submit additional evidence in support of their eligibility. The lack of a formal administrative review procedure, therefore, does not forever preclude plaintiffs from obtaining the SSNs or duplicate cards that they seek. Further, any injury that they may suffer during the interim, such as difficulty in finding employment or a temporary suspension of benefits, is compensable through an award of damages.[7]

The resulting cost to the Secretary of granting the injunction outweighs any potential inconvenience to plaintiffs. The cre-

ation and implementation of administrative review procedures for denials of SSN applications requires a significant expenditure of financial and human resources.[8] Because the balance of potential harm tips toward the Secretary, plaintiffs' motion for a preliminary injunction must be denied.

### Conclusion

The Secretary's motion to dismiss is denied. Plaintiffs' motion for a preliminary injunction is denied.

---

7. In some cases, the lack of an SSN does not necessarily result in injury. For example, aliens who seek employment may submit documents other than SSNs to establish identity and work authorization, such as a passport, certificate of naturalization or United States citizenship or alien registration card. *See* 8 U.S.C. § 1324a(b)(1)(B).

8. Because plaintiffs seek the implementation of certain administrative procedures, rather than merely to preserve the status quo, their request for a preliminary injunction is particularly inappropriate. *Roland Machinery Co. v. Dresser Industries,* 749 F.2d 380 (7th Cir.1984) (the purpose of a preliminary injunction is to preserve the status quo).