Gary OQUENDO, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**No. 99 CIV. 1858 (RMB).**

United States District Court, S.D. New York.

June 1, 2000.

---

508

Gary Oquendo, Bronx, NY, Pro se.

### ORDER

BERMAN, District Judge.

#### Background

On December 3, 1998, Plaintiff Gary Oquendo ("Plaintiff") commenced this action pro se pursuant to Social Security Act § 205(g), 42 U.S.C. § 405(g), seeking review of a denial of Social Security benefits by the U.S. Commissioner of Social Security, Kenneth S. Apfel (the "Commissioner").[1] On October 22, 1999, the Commissioner moved to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff filed an affirmation in opposition to the Commissioner's Motion to Dismiss on October 27, 1999. **For the reasons set forth below, the Commissioner's motion is denied without prejudice, and the case is remanded to the Social Security Administration for a further determination of the timeliness of Plaintiff's request for administrative review.**

Plaintiff's September 15, 1995 disability benefits application was denied on December 8, 1997, (Passalacqua Decl.Ex. 1 at 11), following a hearing before a Social Security Administration Administrative Law Judge ("ALJ") held September 12, 1997, (*Id.* at 4). The ALJ wrote in his Decision, dated December 8, 1997 ("Deci-

sion"), that Plaintiff's claim, which was based upon alleged chronic lower back pain, depression, and substance abuse, did not satisfy the definition of disability under the Social Security Act. (*Id.* at 10). A Notice of Decision ("Notice of Decision") accompanied the Decision, which was mailed to Plaintiff's residence. (*Id.* at 1–3). The Notice of Decision clearly outlined the procedure for appealing the ALJ's decision. (*Id.*). The Notice of Decision stated, among other things, that the Appeals Council would assume that Plaintiff received the Notice of Decision five days after the date on the notice. (*Id.* at 1). In order to appeal, a request for review would have to have been filed by Plaintiff within sixty days of receipt of the ALJ's Notice of Decision, unless the claimant showed that he had good cause for an untimely filing. (*Id.*). Thus, Plaintiff's 60–day period would normally have expired on February 11, 1998.

In fact, Plaintiff's request for review was dated February 6, 1998 but was received by the Social Security Administration on February 13, 1998, i.e. two days after the deadline. (Passalacqua Decl.Ex. 2). On September 10, 1998, the Appeals Council wrote to Plaintiff informing him that his request for review was untimely but also stating: "If you show that you had good cause for not filing within the prescribed 60–day period, the Appeals Council will extend the time period and consider your request for review as being timely filed." (Passalacqua Decl.Ex. 3). Plaintiff responded in a letter, postmarked October 5, 1998, stating that he "didn't receive a notice to file a request for review. Had [he] received a request for review [sic], [he] would have sent the request before the time limit." (Passalacqua Decl.Ex. 4). On October 20, 1998, the Appeals Council is-

---

1. Although Plaintiff's complaint was filed with the Clerk on March 15, 1999, it was received by the Court's *Pro Se* Office on December 3, 1998, and is deemed filed on that date for purposes of meeting the 60–day deadline to commence the instant review proceeding.

(*See* Order dated March 15, 1999, n. 1 (*citing Toliver v. County of Sullivan*, 841 F.2d 41 (2d Cir.1988)) (*per curiam* ) (where a complaint accompanied by application to proceed *in forma pauperis* was deemed filed on the date it was received by the clerk's office)).

sued an order finding that Plaintiff had not established good cause for his late filing and dismissing his request for review. (Passalacqua Decl.Ex. 5 at 1).

As Plaintiff brings this action pro se, he should be afforded every appropriate procedural benefit. *See Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983). "Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.*

The Commissioner here contends that, because Plaintiff's request to the Appeals Council for review was untimely, and was for that reason dismissed, Plaintiff has failed to exhaust his administrative remedies with respect to his claim and cannot proceed in Federal court. (Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 1). That is, Plaintiff has not procured a "final decision", which is a condition precedent to judicial review of the agency's findings. (Def.'s Mem. at 4). Without a final decision of the Commissioner, pursuant to 42 U.S.C. § 405(g), the District Court is, the Commissioner argues, without jurisdiction to hear the matter. (Def.'s Mem. at 1).

Plaintiff contends, as noted, that he never received a notice to file a request for review,[2] and, therefore, was unaware that an appeal request was required to be filed within 60 days. (Passalacqua Decl.Ex. 4).

*Analysis*

Under Title II of the Social Security Act, 42 U.S.C. §§ 401–33 (1976 & Supp.V. 1981), a claimant must follow certain procedures to obtain administrative and/or judicial review of claims for disability benefits. Regulation 20 C.F.R. § 404.968(a)(1) requires that a written request for review of an ALJ's decision be filed "[w]ithin 60 days after the date [the claimant] receive[s] notice of the hearing decision or

dismissal." Such a filing can be accomplished by either appearing at a Social Security office in person, or by mailing a request in writing. (Passalacqua Decl.Ex. 1 at 1). Because it is assumed that the claimant has received notice of the outcome of his or her case within five days after the date of the (ALJ) decision, (*Id.*), a claimant actually (i.e. in practice) has 65 days from the date of the ALJ's decision in which to file a request for review. Unless a claimant can show good cause for not filing his or her appeal within the statutory period, the claim will be dismissed. (*Id.*).

■ Section 405(g) provides: "[a]ny individual, after any final decision of the Secretary made after a hearing to which (s)he was a party, ... may obtain a [judicial] review of such decision by a civil action." Courts have held that dismissals of untimely requests are not reviewable by district courts because they are not "final decisions." *See Bacon v. Sullivan,* 969 F.2d 1517, 1520 (3d Cir.1992) ("With one exception, every court of appeals which has addressed this question has held that the Appeals Council may dismiss untimely requests for review of ALJ decisions, and such decisions are not reviewable by district courts because they are not final decisions."); *Harper by Harper v. Bowen,* 813 F.2d 737, 743 (5th Cir.1987) (holding that timely appeal to the Appeals Council was a requirement for exhaustion of administrative remedies); *Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983) (dismissal of untimely request not subject to judicial review); *Mendez v. Chater,* No. 96 CIV. 4290 (RWS), 1997 WL 278056, at \*3 (S.D.N.Y. May 22, 1997) ("the need to maintain orderly review requires adherence to administrative procedures"). "Final decision" has been interpreted to mean that administrative procedures were exhausted before judicial review is available. *See Mathews v. Eldridge,* 424 U.S. 319, 327–30, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976);

---

**2.** It is unclear whether Plaintiff contends that he never received the Notice of Decision (which is a separate document from the Deci-

sion) or that he never received the entire mailing (Notice of Decision and Decision).

**510**

*Weinberger v. Salfi,* 422 U.S. 749, 757, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Since another level of administrative review was available to Plaintiff here if it had been requested within the statutory period, the ALJ's decision does not constitute a "final decision" under § 405(g). *See Harper,* 813 F.2d at 743.

The Commissioner contends that because Plaintiff's claim was received two days after the deadline (without a showing of good cause), it was untimely and, therefore, Plaintiff became ineligible for either administrative or judicial review. This conclusion, however, equates "receipt" of Plaintiff's request with "filing." The Second Circuit of the Court of Appeals has held that where an ALJ's notice of decision invited claimants to file a request for appeal by mail, "plaintiff's request for review [is] timely if it was mailed within the time period provided by the regulation." *Dietsch,* 700 F.2d at 868–69; *see also Monferrato v. Schweiker,* 700 F.2d 869, 870 (2d Cir.1983). In *Dietsch,* a request mailed on the last day of the filing period was considered timely filed even though it was postmarked the day after, i.e. one day late. *See* 700 F.2d 869. In *Monferrato,* a request for review mailed one day late was deemed timely filed where the last day of the filing period was a Sunday. *See* 700 F.2d at 870.

In this case, Plaintiff's request for review was dated February 6, 1998 and was received by the Social Security Administration on February 13, 1998. (Passalacqua Decl.Ex. 2). The 60–day period expired on February 11, 1998. Yet it is conceivable that Plaintiff mailed his request (at least) two days prior to the February 11th deadline, since letters commonly are in transit for two or more days via regular mail. If this were the case, Plaintiff's request for review would be considered timely and, thus, would have been reviewed by the Appeals Council. *See Dietsch,* 700 F.2d at 868–69. If, on the other hand, further investigation reveals that Plaintiff mailed the request after Feb-

ruary 11, 1998, then his claim was properly dismissed by the Appeals Council as untimely. This Court would have no jurisdiction to hear Plaintiff's complaint. The record needs to be further developed by the Commissioner to establish timeliness (or the lack thereof.)

*Order*

For the reasons stated above, the Commissioner's Motion to Dismiss [8–1] is denied without prejudice. The matter is remanded to the Social Security Administration for further proceedings consistent with this Order.