Raymond WERNER, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. 84 Civ. 3858.

United States District Court, S.D. New York.

July 18, 1985.

Freedman, Wagner, Tabakman & Weiss, New City, for plaintiff; Lewis B. Insler, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty. for S.D. N.Y., New York City, for defendant; Neal S. Mann, Sp. Asst. U.S. Atty., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff seeks to review the denial by the Administrative Law Judge of his application for disability insurance benefits under Title II of the Social Security Act. Plaintiff failed to file a timely appeal within the sixty days allowed under § 205(g) of the Act. The Appeals Council issued an order dismissing his untimely appeal, stating that plaintiff had not shown good cause to extend the time for filing. Thereafter, plaintiff commenced this action. Presently before this court are defendant's motion to dismiss the complaint and plaintiff's motion to remand to the Appeals Council for reopening of the decision.

Plaintiff contends that the failure to file within the sixty day period was caused by his counsel's difficulty in acquiring medical records intended to support the claim before the ALJ and the Appeals Council. Plaintiff's medical situation appears to have deteriorated during the course of the proceedings; plaintiff underwent a complete hip replacement procedure after the order of the Appeals Council, and was subsequently granted disability benefits without a hearing. At issue now is plaintiff's claim to back benefits from August 1978 until an unspecified date after March 1984 on which plaintiff began receiving disability benefits.

The Secretary contends that the decision of the Appeals Council to dismiss an appeal for untimely filing is not a final determination of the Secretary within the meaning of

§ 205(g),[1] and thus that this court lacks subject matter jurisdiction. This position is entirely consistent with the decision of our Court of Appeals in *Maloney v. Harris*.[2] The plaintiff in *Maloney* had also filed an untimely appeal; the district court held that plaintiff had not exhausted his administrative remedies and dismissed for want of jurisdiction.

The ruling in *Maloney* was reiterated by the Court of Appeals in *Dietsch v. Schweiker*.[3] In *Dietsch* the district court dismissed for want of jurisdiction after plaintiff had mailed his request for review on the last day of the sixty-day period and the Appeals Council had dismissed for untimeliness. The Court of Appeals noted that "such a dismissal is not reviewable by the district court because it is not a 'final decision' within the meaning of § 405(g)."[4]

The plaintiff here attempts to distinguish *Maloney* on the factual grounds of the plaintiff's hospitalization shortly after the ALJ's original decision and the subsequent failure by the Administrative Law Judge to reconsider his decision in light of the changed circumstances. These are distinctions without differences. The changes in the plaintiff's circumstances are germane to the continuing responsibility of the Social Security Administration to review his state of disability; it has done so and he is now receiving benefits. They are not germane to the exhaustion question, or to the legal determination as to whether a decision of the Secretary is final.[5] The statute establishes a procedure for the orderly review of disability determinations; an essential element of that procedure is the sixty-day period for filing with the Appeals Council. As the Supreme Court has said: "Congress' determination so to limit judicial review ... is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice."[6]

For the foregoing reasons, defendant's motion to dismiss the complaint is granted, and plaintiff's motion to remand is denied.

So ordered.

1. 42 U.S.C. § 405(g) (1983). The section provides, in pertinent part, that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days ... or within such further time as the Secretary may allow." Section 405(h) makes this procedure the exclusive mechanism for challenging the decisions of the Secretary.

2. 526 F.Supp. 621 (E.D.N.Y.1980), *aff'd mem,* 657 F.2d 264 (2d Cir.1981).

3. 700 F.2d 865 (2nd Cir.1983).

4. 700 F.2d at 867. The Court reversed on other grounds, however, holding that it was within the mandamus jurisdiction of the district court to require the Secretary to hear the appeal, since the procedural structure of the Social Security Administration equated mailing with filing. The Court sharply distinguished between this permissible procedural claim and review on the merits of the Secretary's decision. 700 F.2d at 868.

5. Plaintiff's contention that the ALJ's failure to reconsider his determination should be grounds for judicial review is clearly foreclosed by the decision of the Supreme Court in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), holding that review of a denial of reconsideration is not authorized under 42 U.S.C. § 405(g).

6. *Califano v. Sanders,* 420 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977).