**Willie SPRINGER, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 86–CV–71892–DT.**

United States District Court, E.D. Michigan, S.D.

Feb. 13, 1987.

Lawrence Schreidell, Southfield, Mich., for plaintiff.

Roy Hayes, U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM AND ORDER

COHN, District Judge.

This is an action for judicial review pursuant to 42 U.S.C. § 405(g) of a final decision of defendant Secretary of Health and Human Services discontinuing plaintiff's Social Security disability insurance benefits. Because the complaint was not timely filed, the Secretary filed a motion to dismiss the action for lack of federal subject matter jurisdiction. The plaintiff has responded. The case initially was referred to a magistrate, who in a report recommends that defendant's motion be granted and the complaint dismissed. Now before the Court are plaintiff's objections to the report and recommendation. For the reasons stated by the magistrate, and those which follow, the Court will order the complaint dismissed.

Plaintiff objects to the magistrate's analysis of the applicable law on the grounds that it effectively allows a "vicious circle" to exist by which the Secretary's decision in a case such as this cannot be reviewed in the absence of a "final decision *after a hearing;*" yet plaintiff says the Secretary failed to remand plaintiff's case to an administrative law judge for such a hearing, either on the propriety of extending plaintiff's filing period or of reopening the original hearing decision itself. However, this argument misconceives the extent of the federal jurisdictional grant afforded by 42 U.S.C. § 405(g). The United States Supreme Court in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), explained that in enacting section 405(g), Congress limited judicial review in Social Security cases to the original, final decision denying benefits and not to an abuse of discretion in refusing to reopen a claim. Therefore, even if the Secretary granted plaintiff a hearing on the propriety of extending the filing deadline, any adverse decision of the Secretary after that hearing would still not be a "final decision" for purposes of invoking the Court's jurisdiction under 42 U.S.C. § 405(g) since plaintiff would still not have invoked the Court's jurisdiction for purposes of reviewing an *original* decision denying benefits.

Plaintiff's frustration with the impact of this analysis of his situation causes him to ask the Court to invalidate the relevant offending regulations of the Secretary on constitutional due process grounds. In *Sanders*, the Supreme Court acknowledged that despite the ordinary interpretation of the limits of the jurisdictional grant afforded by section 405(g), the section does not preclude its invocation for purposes of chal-

lenging the Secretary's decisions on constitutional grounds. 430 U.S. at 109, 97 S.Ct. at 986; *see also, Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) and *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The *Sanders* Court stated:

> Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and therefore, access to the courts is essential to the decision of such questions. Furthermore, since federal question jurisdiction under 28 U.S.C. § 1331 is precluded by [42 U.S.C. § 405(h)], a decision denying [section 405(g)] jurisdiction ... would effectively have closed the federal forum to the adjudication of colorable constitutional claims. [The principle is well-established] that when constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction....

430 U.S. at 109, 97 S.Ct. at 986.

However, plaintiff's complaint seeks ordinary section 405(g) review of the Secretary's decision discontinuing his disability insurance benefits on the grounds that the decision is not supported by substantial evidence in the record. (Cmplt. ¶ 4). The relief plaintiff seeks is an order reinstating his benefits. (*Id.* ¶ 5). Plaintiff's complaint does not invoke the Court's limited jurisdiction under section 405(g) to determine the merits of a constitutional challenge to the Secretary's decision. Plaintiff's present constitutional challenge first arose as an argument in opposition to the magistrate's report and recommendation. The rule is well-settled that the party seeking to invoke federal jurisdiction must demonstrate that the case is within the competence of the court. The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Thus, the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint. *McNutt v. General Motors Acceptance Corp.,* 298

U.S. 178, 182–83, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936); *see generally,* C. Wright, *Federal Practice and Procedure* § 3552, p. 62–63 (1984). Further, Fed.R.Civ.P. 8(a) requires that a "pleading which sets forth a claim for relief ...' shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...." And Fed.R.Civ.P. 12(h)(3) dictates that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Plaintiff also argued that because his situation specifically fell within the "good cause" provisions of the Secretary's regulations concerning extensions of time in which to file civil actions and because the regulation is framed in mandatory language, the Secretary has an affirmative duty to extend the filing period. Without deciding the question, case law suggests that 28 U.S.C. § 1361, which authorizes an action in the nature of mandamus, may provide federal jurisdiction to review otherwise unreviewable procedural issues which are not related to the merits of a claim for benefits. *Dietsch v. Schweiker,* 700 F.2d 865, 868 (2nd Cir.1983) (and cases cited therein).

Plaintiff's situation may be unfortunate. However, it is clear that 42 U.S.C. § 405(g) just does not provide the Court with jurisdiction to review this case in its present posture. Therefore, this case must be dismissed for lack of federal subject matter jurisdiction.

Defendant's motion to dismiss is GRANTED, and the complaint is DISMISSED.

SO ORDERED.