Claude **FARLEY**, Plaintiff,

v.

The **SECRETARY OF HEALTH AND HUMAN SERVICES**, Defendant.

**Civ. No. H89–378.**

United States District Court, N.D. Indiana, Hammond Division.

Feb. 27, 1992.

Garry A. Weiss, Merrillville, Ind., for plaintiff.

Orest Szewciw, Asst. U.S. Atty., Dyer, Ind., for defendant.

## ORDER ON MOTION TO DISMISS

ALLEN SHARP, Chief Judge.

On February 10, 1977, the plaintiff, Claude Farley, filed an application for insurance benefits under Title II of the Social Security Act (the "Act") alleging that he became disabled commencing August 29, 1976. The application was denied initially and on reconsideration. (Exhibit 1 of Affidavit). On September 18, 1978 an Administrative Law Judge ("ALJ") upheld the denial, and the Appeals Council subsequently denied review. On June 27, 1984 the United States District Court for the Northern District of Indiana (Civil No. H–79–324) affirmed the Secretary's decision.

Subsequent to the final administrative decision on the 1977 claim, the plaintiff filed applications for disability insurance benefits on the following dates: May 9, 1980; February 17, 1981; and March 5, 1984. These applications were denied initially on September 29, 1980 (Exhibit 2 of Affidavit), September 3, 1981 (Exhibit 3 of Affidavit), and July 17, 1984, respectively. None of these denials were appealed.

On March 11, 1986 the plaintiff filed an additional application for disability insurance benefits. The claim was denied initially and upon reconsideration, after which the plaintiff requested a hearing. Following remand by the Appeals Council, which vacated an ALJ's dismissal, an ALJ considered new and material evidence and issued a favorable decision, holding that the plaintiff was disabled from August 4, 1976 through December 31, 1981. The ALJ reopened applications filed on February 10, 1977 and March 5, 1984, while granting the application of March 11, 1986. (Exhibit 4 of Affidavit).

The Appeals Council, however, on its own motion reviewed the decision of the ALJ and issued a decision on August 9, 1989 finding that the plaintiff's disability had not ended on December 31, 1981, but that he was disabled continuously from August 4, 1976 until the present time. The Council also found, however, that in view of the four year restriction on reopening for good cause set forth in the regulations (20 C.F.R. § 404.988(b)), only the determination on the plaintiff's March 1984 application could be reopened since more than four years had passed from the date of the initial determinations on each of the prior applications until the date of the filing of the March 11, 1986 application. (Exhibit 5 of Affidavit).

On October 13, 1989 the plaintiff filed a civil action in this court seeking reversal of the Secretary's decision. This case was last assigned to Judge Rudy Lozano. For purposes of judicial economy and justice, it was reassigned to the undersigned judge on December 13, 1991.

### I.

The issue before the court is whether this case should be dismissed for lack of subject matter jurisdiction.

### II.

Judicial review of unfavorable administrative decisions on claims arising under Title II of the Social Security Act is provided in section 205(g) of the Act, 42 U.S.C. section 405(g). The act reads:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision

or within such further time as the Secretary may allow....

42 U.S.C. section 405(g).

■ Section 205(h) of the Act provides that the judicial remedy in 205(g) is the exclusive vehicle for judicial review. Section 205(h) reads:

The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

Therefore, from a reading of the previous code sections, it can be concluded that only those decisions of the Secretary which meet the requirements of section 205(g) of the Act are reviewable in the District Court. Because Congress has chosen to eliminate judicial review of the Secretary's decisions except as set out in section 205(g) of the Act, the court must determine whether a decision not to reopen a denial of benefits is a "final decision" as defined by section 205(g) of the Act.

### III.

■ The United States Supreme Court has determined that a petition to reopen a denial of social security benefits is not a final decision in terms of section 205(g) of the Act. In *Califano v. Sanders*, 430 U.S. 99, 108–109, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977), the Supreme Court held that because the Secretary may deny a request to "reopen" a prior final determination for benefits without providing a hearing, such a decision is not reviewable under section 205(g) of the Act. This limitation upon judicial review is applicable even where an abuse of discretion is alleged. *Coates v. Bowen*, 875 F.2d 97, 100 (7th Cir.1989).

In *Sanders* the court outlined the Congressional policy regarding section 205(g) of the Act:

... the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not the Social Security Act. Moreover, an interpretation that would frustrate the Congressional purpose, plainly evidenced in section 205(g), to impose a 60–day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 C.F.R. section 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

430 U.S. 99, at 108, 97 S.Ct. 980, at 986.

Therefore, this court is without subject matter jurisdiction under section 205(g) of the Act to review a decision by the Secretary not to reopen a prior application.

### IV.

■ The plaintiff alleges that this court has mandamus jurisdiction under 28 U.S.C. section 1361. The writ of mandamus can be employed in challenges to Social Security matters—however the claim must be procedural and unrelated to the merits of the plaintiff's claim for benefits. *Dietsch v. Schweiker*, 700 F.2d 865, 868 (2nd Cir.1983); *Burnett v. Bowen*, 830 F.2d 731 (7th Cir.1987).

The plaintiff alleges that his May 9, 1980 application was not considered by the Appeals Council in their August 9, 1989 decision and that mandamus jurisdiction lies due to this alleged procedural default. However, a review of the Appeals Council decision and corresponding regulations finds no procedural error in action taken by the Appeals Council.

The plaintiff seeks reopening of the denial of his February 10, 1977, and subsequent applications. 20 C.F.R. section 404.988 states the condition for a reopening:

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of notice of the initial determination, for any reason;

(b) Within 4 years of the date of the notice of the initial determination if we find good cause, as defined in 404.989, to reopen the case; or

(c) At any time if—

   (1) It was obtained by fraud or similar fault; ...

20 C.F.R. section 404.988.

Because the plaintiff did not file his current application until March 11, 1986, the initial determinations dated August 29, 1977 and September 29, 1980 issued in connection with the February 10, 1977 and May 9, 1980 applications may not be reopened because more than four years have elapsed from the date of the initial determination to the request for reopening. (Exhibit 5 of Affidavit). This decision of the Secretary is the correct application of section 20 C.F.R. section 404.988 quoted above. Further, the Secretary took into account the May 9, 1980 application of the plaintiff, alleged to have been the basis of the supposed procedural error of the Secretary. (Exhibit 5 of the Affidavit).

Therefore, without procedural error, mandamus jurisdiction does not lie.

## V.

Because a decision not to reopen a prior application is not a final decision of the Secretary under section 205(g) of the Act, and no procedural error exists which would support mandamus jurisdiction, this court is without subject matter jurisdiction to render a decision in this matter. Therefore, the motion to dismiss the plaintiff's complaint is GRANTED. SO ORDERED.